UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

GRACE MARIE LOPEZ.

        Defendant.

---

REPORT AND RECOMMENDATION

22-MJ-571-MJP-1

**Pedersen M.J.** The government brought to the Court's attention that William Michael Swift, Esq., counsel retained by defendant, Grace Marie Lopez ("Defendant"), had a potential conflict in representing Defendant. "Witness 1" is represented by James Riotto, Esq., who practices in the same office as Mr. Swift. Witness 1 is an individual who had direct dealings with Defendant and would be a significant witness against her if the case went to trial. Witness 1 has evidence concerning hand-to-hand narcotics transactions, allegedly involving Defendant.

After being advised of the potential conflict, the Court appointed Avik K. Ganguly, Esq., to represent Defendant as conflict-free counsel to discuss the *Curcio*[1] issue with Defendant. (Minute Entry, ECF No. 17.) Mr. Ganguly advised Defendant of her rights and the pitfalls of having Mr. Swift continue to represent her. (*Id.*)

On October 27, 2022, the Court held a *Curcio* hearing where Defendant and both attorneys were present. (*Id.*) Mr. Swift joined James Riotto's law firm in March of 2022. Mr. Riotto had a long-standing relationship with Witness 1 long before Mr. Swift was employed. Mr. Swift had no idea who Witness 1 was prior to this case. Mr.

---

[1] *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982).

1

Swift explained that Defendant came to the Riotto office to seek representation in a matter related to her case. Mr. Swift was not present for the initial consultation, but rather Mr. Riotto was the attorney who interviewed her. Mr. Riotto was not aware of the relation between Defendant and Witness 1 until the interview had progressed substantially. Mr. Riotto then told Mr. Swift that Defendant was looking for legal representation and that Mr. Riotto was unable to take her case. Mr. Swift then talked to Defendant and explained that Mr. Riotto was unable to take her case. Mr. Swift attests that he did not discuss any specific issues regarding Witness 1 as he was unaware of them as well. Defendant agreed to have Mr. Swift represent her. From the outset, Mr. Swift and Mr. Riotto did not share information regarding these cases. Once Mr. Swift learned that Witness 1 and Mr. Riotto had a long-standing history together, Mr. Swift had several conversations with Defendant regarding the potential issues.

Mr. Swift and Mr. Riotto have created a "wall" between them with regard to Defendant's case. Mr. Swift keeps an external hard drive containing the files for Defendant's case. The only way to view those files is through Mr. Swift's legal assistant and it is not possible to view these documents on the firm servers. Mr. Swift and Defendant believe that the conflict can be waived, and Defendant is adamant about having Mr. Swift represent her. Defendant plans to resolve this case by a plea.

Mr. Ganguly explained to the Court how he advised Defendant of the representational issues that could arise if she continued with Mr. Swift. Specifically, he advised her the potential of the other witness being called against her or vice versa

would create a conflict. Mr. Swift rebutted this by stating that he could ask a third party to deal with issues regarding Witness 1. The Court inquired as to whether a financial situation would arise from keeping this arrangement or stopping representation for one or both individuals. Mr. Swift stated that the Defendant pays the firm, and he receives a percentage of the fee. Defendant is seeking a plea agreement, and Mr. Swift was specifically asked to not file motion papers to keep costs down. Mr. Swift stated that as he is on an hourly retainer, he would financially benefit from her going to trial, not pleading. Mr. Swift explicitly stated a number of times during the hearing that he thought it was in Defendant's best interest to accept the government's plea offer.

The Court then went through the issues with Defendant, discussing the possible issues that could arise with Mr. Swift's continued representation. Defendant was asked to tell the Court, in her own words, what the issues were and if she was willing to accept that risk. Defendant accurately explained the issues and stated unequivocally and enthusiastically that she wanted to waive the conflict of interest and have Mr. Swift to continue representing her.

Based on these representations, the Court determined that a *potential conflict* does exist in this case.

> Where no actual conflict is present, there may still be a potential conflict of interest "if the interests of the defendant may place the attorney under inconsistent duties at some time in the future." *United States v. Kliti*, 156 F.3d 150, 153, n.3 (2d Cir. 1998.)

(Gordon Mehler, *et al.*, Federal Criminal Practice: A Second Circuit Handbook, at 187 (22nd ed. 2022).) This case poses the issue of future inconsistent duties. The two

3

attorneys involved have taken steps to separate Defendant's representation from Mr. Riotto's representation of Witness 1, and Defendant has knowingly and intelligently waived the potential conflict. Further, if she does enter into a plea agreement, the potential conflict will not become an actual conflict. Therefore, the undersigned believes that for the time being, Defendant should be allowed to continue to have Mr. Swift as her attorney.

Accordingly, the undersigned recommends that, based upon the mandates of *United States v. Curcio* and the minutes of the hearing held before the undersigned on October 27, 2022, as well as the statements made by Defendant at said hearing, William Michael Swift, Esq. should continue as counsel for Defendant in this case, as Defendant has made a knowing and intelligent waiver of the conflict.

**SO ORDERED**.

DATED:   February 2, 2023
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge